Boynton, J.
The questions arising upon the issues found' by the district court, in favor of the defendant in error, other than the one involving the right to institute the action to foreclose the mortgage before making demand for payment of the note, were considered in The Union Central Life Ins. Co. v. Curtis, and in Ehrman v. The Central Co., ante, p. 324, 343, and decided adversely to the defendant. The grounds of the judgments there given will not be-restated here. The judgment of the district court must he reversed on the principles declared in those cases, unless the same can be sustained on the ground that the action was prematurely brought. The note to se *359 cure which the mortgage was given was payable on demand. The action was on the mortgage, and no demand for payment preceded its commencement. The question, therefore, is, was demand of payment of the note before suit a necessary condition to a right of action upon the mortgage. That an action would lie on the note-without a previous demand is settled in Hill v. Henry, 17 Ohio, 9, and Darling v. Wooster, 9 Ohio St. 517. Such also-is the rule in England. Norton v. Ellam, 2 M. & W. 460. Cases are to be found in which it is held that demand is necessary, but that the action itself is a sufficient demand. That there is something wrong in the reasoning by which such a proposition is supported becomes apparent the moment the-same is stated. No action can be brought upon any claim before due, and if demand of payment is prerequisite to the maturity of the claim, it must of necessity precede the commencement of the action. But' the question is not an open one in this state. The moment the note is delivered to the payee it is due, and in our opinion a right of action,, in equity, to foreclose a mortgage given to secure the payment of a note, so payable, arises at the same time, and upon the same conditions, as the right of action upon the' note, unless the parties have stipulated otherwise. Such a stipulation was contained in the mortgage sought to be foreclosed in the case first above cited. But in the defendant’s mortgage here there was no such stipulation. The conveyance was to be defeated if the note was paid or caused to be paid by the mortgagor. It is true that no-time for its payment was stated in the mortgage, but as the-note was payable at once, we think it fairly to be implied that the parties to the mortgage intended payment of the note at its maturity as a condition on which the conveyance was to be void. A right of action arose on the mortgage to foreclose the equity of redemption the moment the estate conveyed became absolute for non-performance of the condition, which, if performed, would have defeated the mortgagee’s title; and perceiving no reason to require a demand of payment to precede an action upon the mortgage, *360 that does not with equal force apply to an action on the note, we hold that the same was unnecessary.
Judgment reversed and cause remanded for a new trial.